UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ARTHUR J. TOEGEMANN,          :
        Plaintiff,          :
                               :
   v.          :          CA 09-376 ML
                               :
SELECTIVE SERVICE          :
UNITED STATES,          :
        Defendants.          :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is the Application to Proceed without Prepayment of Fees and Affidavit (Document ("Doc.") #2) ("Application to Proceed without Prepayment of Fees" or "Application") filed by Plaintiff Arthur J. Toegemann ("Plaintiff").[1]  Because I conclude that the Application should be denied, it is addressed by way of this Report and Recommendation.  See Lister v. Dep't of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion

---

[1] 28 U.S.C. § 1915 provides in relevant part:

   (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

## Discussion

Plaintiff alleges in his Complaint (Doc. #1) that the Selective Service has twice refused to hear his appeal to correct his Selective Service status. See Complaint ¶ 4. This claim is identical or nearly identical to claims which Plaintiff has previously made. See Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 94-0132 ML ("Toegemann I"), Memorandum and Order of 10/4/94 (Lisi, J.) at 3 (stating that Plaintiff "asks for a correction to his Selective Service and medical records"); Arthur J. Toegemann v. Guidance Associated, Inc., et al., CA 08-022 ML ("Toegemann II"), Report and Recommendation of 2/6/08 at 2 (noting that Plaintiff "further alleges that the Selective Service has refused to correct his classification[2]").

Toegemann I was dismissed on October 4, 1994, by District (now Chief) Judge Mary M. Lisi. See Toegemann I, Memorandum and

---

[2] In a footnote, the Court stated:

> It appears that the classification which Plaintiff is seeking to change is that of "conscientious objection." Complaint, Count 1 ¶ 7; see also id. ("The US Selective Service System's status of 'conscientious objection' is inadequate, causing me to suffer psychological injury, specifically, social withdrawal, disorientation, isolation, arrested development and defamation.").

Toegemann II, Report and Recommendation of 2/6/08 at 2 n.2.

2

Order of 10/4/94.  In a Memorandum and Order issued on that date, Judge Lisi dismissed Plaintiff's claim against the Selective Service because he had not filed an administrative claim with the Selective Service as required by 28 U.S.C. § 2675(a).[3]  See id. at 5.  Toegemann II was dismissed on March 4, 2008, when Judge Lisi adopted this Magistrate Judge's Report and Recommendation of 2/6/08 which found that Plaintiff's claims were essentially the same as those he had asserted in Toegemann I.  See Toegemann II, Order of 3/4/08; see also id., Report and Recommendation of 2/6/08 at 3 ("Because Plaintiff's claims are essentially the same as the claims which he asserted in Toegemann I, his Complaint fails to state a claim upon which relief can be granted.") (footnote omitted).

Because Plaintiff's claim is essentially the same as the claim which he asserted in Toegemann I and Toegemann II, his Complaint fails to state a claim upon which relief can be granted.  Accordingly, his Application to Proceed without Prepayment of Fees should be denied, and the action should be dismissed pursuant to U.S.C. § 1915(e)(2).[4]  I so recommend.

---

[3] Judge Lisi also dismissed Plaintiff's claims against the non-federal Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because the claims against them were state tort claims and the Court had dismissed the only federal claim in the action.  Toegemann I, Memorandum and Order of 10/4/94 (Lisi, J.) at 6.

[4] In relevant part, 28 U.S.C. § 1915(e) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the

3

**Conclusion**

For the reasons stated above, I recommend that Plaintiff's Application be denied and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10)[5] days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 25, 2009

---

case at any time if the court determines that--
   (A) the allegation of poverty is untrue; or
   (B) the action or appeal--
      (I)  is frivolous or malicious;
      (ii) **fails to state a claim on which relief may be granted**; or
      (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (bold added).

[5] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).